IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Wayne Lee Brown-Bey,

    Plaintiff,

    v.                      Case No. 2:19-cv-4392

Jeffery Brown
CEO of Ally,

    Defendant.

OPINION AND ORDER

    This is a pro se action filed by plaintiff Wayne Lee Brown-Bey against Jeffery Brown, CEO of Ally Auto. In an affidavit attached to his complaint filed on October 2, 2019, plaintiff alleged that in May of 2019, he signed a promissory note with a loan officer at the Dave Gill automobile dealership, and signed a promissory note to pay Ally Auto approximately twenty-four thousand dollars as part of a loan to purchase a 2017 Equinox. Plaintiff further alleged that the United States is a foreign bankrupt corporation and that it is against public policy to demand debt notes or instruments. Plaintiff claimed that defendant Brown and his agents terrorized him and threatened to steal his property if he did not pay them "a certain amount of dollars." Plaintiff informed them that only gold and silver had intrinsic value, not private commercial paper. Plaintiff claimed that Brown and his agents engaged in fraud and theft by stating that they gave him a loan and he owed them a debt, and that when plaintiff sent them his proclamation of his Moorish American nationality, they did not verify the debt. Plaintiff seeks a declaration that the debt is discharged, and an injunction prohibiting defendant from stealing his automobile. Doc. 1, pp. 5-6.

On October 28, 2019, defendant filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 8(a), 9(b) and 12(b)(6). Plaintiff did not file a timely response to this motion. Instead, plaintiff submitted a document stating: that he is the rightful heir and beneficiary of his Moorish/Moroccan estate; that he is claiming ownership of all certificates signed by him; that when defendant and Ally did not rebut his affidavit, they accepted positions as trustees over his estate, and that they breached their duties as trustees by filing an action against him in the Franklin County Common Pleas Court; that defendant Brown should forfeit all his property for violating plaintiff's rights; and that plaintiff is demanding "100,000 notes to repair my domicile, for damages." Doc. 7, pp. 1-2.

Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008) To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id.

2

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with basic rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993).

Defendant Brown argues that the complaint fails to state a claim for which relief may be granted, and that dismissal is warranted under Rule 12(b)(6). This court agrees. Plaintiff alleges that because he is of "Moorish American Nationality" and the United States is an insolvent foreign bankruptcy corporation, he is not required to repay his car loan. Plaintiff identifies defendant Brown as the chief executive officer of a company he refers to as "Ally Auto," but makes only conclusory allegations regarding defendant Brown's actions. The complaint also fails to make a "short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2). Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Rule 8(a)(2). Twombly, 550 U.S. at 570.

Defendant further argues that plaintiff has failed to plead

fraud with particularity as required under Rule 9(b). The complaint does not include the minimum requirements for pleading a potential fraud claim. See Kuvedian, LLC v. Cognizant Tech. Solutions, 547 F.3d 564, 570 (6th Cir. 2008).

    The defendant's motion to dismiss (Doc. 6) is well taken, and it is hereby granted. The complaint is dismissed pursuant to Rules 8(a)(2) and 12(b)(6) for failure to state a claim for which relief may be granted, and pursuant to Rule 9(b) for failure to plead fraud with particularity.

Date: March 31, 2020               s/James L. Graham
                                      James L. Graham
                                      United States District Judge